**United States District Court**

For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   DAVID CHURCHILL,                        Case No. C-04-0489 JCS

9            Plaintiff(s),

10       v.                                 **PRETRIAL CONFERENCE ORDER**

11  WINTER CHEVROLET COMPANY, INC.,
    ET AL.,
12
             Defendant(s).
13  _____/

14

15       On February 3, 2006, and February 10, 2006, a Pretrial Conference was held in this matter.

16  Richard M. Rogers appeared on behalf of Plaintiff.  Robert G. Hulteng and Joshua J. Cliffe appeared

17  on behalf of Defendant.  Having heard the arguments of counsel, the Court makes the following

18  Pretrial Conference Order.  Except as modified by this Order, the parties' Joint Proposed Pretrial

19  Order is adopted as an Order of this Court.

20       A.    LENGTH AND CONDUCT OF THE TRIAL

21            1.    Each side shall be limited to ten (10) hours for the presentation of the direct

22  examination of their witnesses and the cross-examination of opposing party's witnesses, including

23  all objections and other time spent in front of the jury.  Opening statements will be one-half hour per

24  side.

25            2.    The jury trial will begin on **February 27, 2006 at 8:30 a.m.,** in Courtroom A,

26  15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  Counsel are

27  instructed to be present at 8:15 a.m. on all trial days.  The length of the trial will be not more than

28  seven (7) trial days.

United States District Court

For the Northern District of California

3.      All parties are to be on time and prepared to proceed with their witnesses.  If any party is not prepared to present its next witness at the conclusion of the preceding witness, that party will be deemed to have rested that portion of their case, e.g., case- in-chief, rebuttal.  Any party may present its direct examination of a witness when that witness first appears.

4.      All witnesses, except for designated party representatives, are excluded from the courtroom during the testimony of all other witnesses.

5.      The Court will conduct voir dire as set forth in the script previously distributed to the parties and filed in the Court record.

6.      Notice of Witnesses and Documents.  At the beginning of the business day before a party calls a witness on direct, that party must disclose to the other party the names of the witnesses that it intends to call the following day, and the exhibit numbers of the documents that it plans to use on direct.  No party will be allowed to call witnesses or use documents on direct examination other than those that have been previously disclosed in the Joint Proposed Pretrial Conference Order (with respect to evidence other than rebuttal and impeachment) and in the daily witness and document lists (with respect to all evidence).

B.      JURY INSTRUCTIONS

1.      The following instructions will be given to the jury before opening statements: Ninth Circuit Model Jury Instructions Nos. 1.1-1.13, 2.1, 2.2 and Disputed [sic] Instruction Number 1 Re: Claims and Defenses Offered by Plaintiff.

2.      Plaintiff's claims, as asserted below, that he was not paid a portion of his bonus for the period 1/1/03 to 7/7/03, which would be a pro rata share of his annual bonus.  The parties are ORDERED to meet and confer in an effort to reach a stipulation as to the following:

a.      The total amount of unpaid bonus for that period, if a bonus was due; and

b.      If a penalty is owed under California Labor Code section 203, the amount of the penalty, assuming: (a) the 2002 wage rate is used, and (b) if the 2003 wage rate is used.

2

**United States District Court**
For the Northern District of California

1            c.   The parties shall submit briefing during the trial on the legal question

2                 of whether or not the 2002 wage rate or the 2003 wage rate should be

3                 used.

4        3.   The parties agree that there will be no need to instruct the jury on the issue of

5   condition precedent.

6        C.   <u>CLAIMS</u>

7   The following claims remain to be tried in this matter:

8        1.   Plaintiff's Claim for Breach of Contract For failure to deliver 20% equity in

9   Winter Chevrolet:

10            a.   Defenses:

11                 (1)   No breach because of defendant's tender of performance;

12                 (2)   Excused performance: Churchill's refusal to execute

13                    August 27, 2001 documents was a breach by Churchill;

14                 (3)   No breach because of performance of a replacement

15                    agreement;

16                 (4)   Excused performance: Churchill's attempt to buy Pittsburg

17                    Ford was a breach of the 2003 employment agreement;

18                 (5)   Excused performance: because of Churchill's alleged breach

19                    by resigning.

20        2.   Plaintiff's Claim for unpaid wages and penalties under California Labor Code

21   section 203:

22            a.   2003 Bonus: Plaintiff contends that a pro rata share of his 2003 Bonus

23                 is due and unpaid for the period 1/1/03 to 7/7/03.  Defendant contends

24                 that Plaintiff quit before the bonus accrued and that no bonus is due.

25            b.   Plaintiff contends that 2003 vacation pay should have been calculated

26                 using the previous year's salary including bonus.

27            c.   Waiting time penalties.  Jury issue: was there a good faith dispute

28                 about whether a 2003 bonus or additional vacation pay was due?

3

**United States District Court**
For the Northern District of California

     3.     Defendant's claim for intentional interference with prospective advantage – dismiss with prejudice by stipulation.

     4.     Defendant's claim for breach of the March 12, 2003 employment contract:

          a.     Based on Churchill's offer for Pittsburg Ford;

          b.     Damages sought: $25,000 of the security deposit.

     5.     Defendant's claim for breach of duty of loyalty.

          a.     Based on Churchill's offer for Pittsburg Ford;

          b.     Damages sought: $25,000 of the security deposit;

          c.     Claim of breach of the covenant of good faith and fair dealing dismissed with prejudice by Defendant at the Pretrial Conference.

**D.**     <u>MOTIONS IN LIMINE</u>

For the reasons stated on the record at the Pretrial Conference, the Court rules as follows:

     1.     Plaintiff's Motions in Limine:

          a.     For leave to add breach of contract to Motion in Limine Number One: Granted.

          b.     Number One: Denied.

          c.     Number Two: Denied without prejudice.

     2.     Defendant's Motions in Limine:

          a.     Number One: Granted in Part.  No evidence regarding statements made during the mediation will be allowed.  Plaintiff and Rose Winter can testify regarding the alleged statements made by Rose Winter to Plaintiff outside of the mediation.

          b.     Number Two: Withdrawn.  The parties stipulated that witnesses Wald, Rasmussen, and Lavin will not testify at the trial.

**E.**     <u>EXHIBITS</u>

     1.     All parties stipulate that copies may be used as originals and that all exhibits are authentic.

2.      All parties shall exchange demonstrative exhibits not less than twenty-four (24) hours in advance of their use.

3.      All marked exhibits are admitted into evidence, there being no objections to the same, except by Plaintiff to certain exhibits.  The Court ruled on these objections at the Pretrial Conference.

F.      STIPULATIONS OF FACT

The Court intends to read the stipulated facts to the jury along with the final jury instructions.

IT IS SO ORDERED.

Dated:   February 14, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court

For the Northern District of California

5