United States District Court
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7   DAVID CHURCHILL,                          No. C-04-0489 JCS
8            Plaintiff,
9        v.
10  WINTER CHEVROLET CO., INC., ET AL.,
11           Defendants.
12  _____/
13
14            **AMENDED FINAL JURY INSTRUCTIONS**
15
16      DATED: March 7, 2006
17
18                                  _____
19                                  JOSEPH C. SPERO
                                    United States Magistrate Judge
20
21
22
23
24
25
26
27
28

1

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**JURY INSTRUCTION NO. 2**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 3**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**JURY INSTRUCTION NO. 6**

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO.  7**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 8**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.

Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 9**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY INSTRUCTION NO. 10**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**United States District Court**

For the Northern District of California

# JURY INSTRUCTION NO. 11

## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 12**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO.  13**

**COMPLETE AFFIRMATIVE DEFENSE**

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

**JURY INSTRUCTION NO. 14**

**STIPULATIONS OF FACT**

  The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  15**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**JURY INSTRUCTION NO.  16**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. 17

### OVERVIEW OF CLAIMS AND DEFENSES

Plaintiff David Churchill and Defendant Winter Chevrolet entered into a contract for David Churchill's services as a manager, for which he would receive a salary – consisting of a base salary and an annual bonus – and stock. This case involves a dispute over whether David Churchill received all the compensation due to him under that contract. David Churchill asserts claims against Winter Chevrolet. Winter Chevrolet, in turn, asserts counterclaims against David Churchill. The claims and defenses of the parties are summarized below.

First, David Churchill asserts a claim for breach of contract based on his contention that Winter Chevrolet breached its February 2000 contract (the "General Manager Pay Plan") to transfer stock in Winter Chevrolet to him as part of his compensation for serving as Winter Chevrolet's general manager and that as a result of the breach he was harmed ("the Breach of Contract Claim").

Second, David Churchill asserts a claim for unpaid wages based on his contention that Winter Chevrolet failed to pay him the bonus he had earned for 2003 ("the Bonus Claim").

Third, David Churchill asserts a claim for unpaid wages based on his contention that when he left Winter Chevrolet, it failed to pay him the full amount of vacation pay owed him ("the Vacation Pay Claim").

Fourth, David Churchill contends that Winter Chevrolet's failure to pay him the bonus and vacation pay sought in the claims described above was willful.

Winter Chevrolet asserts defenses to the Breach of Contract Claim. It contends that it is not liable for breach of contract because:1) David Churchill's attempt to purchase the Pittsburgh Ford car dealership was itself a breach of contract and therefore, Churchill did not substantially perform under the contract; 2) the obligation to transfer stock was replaced by a new employment agreement, signed by Winter Chevrolet and David Churchill in 2003 ("the 2003 Employment Agreement"), or alternatively, the payments under the 2003 Employment Agreement constituted substantial performance of the obligation to transfer stock; 3) by offering to transfer the stock to Churchill in the August 2001 documents, Winter Chevrolet either fulfilled its obligations under the contract or, alternatively, was excused by Churchill's refusal to sign those documents; and 4) Winter Chevrolet's obligation to transfer the stock to Churchill was excused by Churchill's resignation.

In response to the Bonus Claim, Winter Chevrolet asserts that David Churchill was not entitled to the bonus because he voluntarily terminated his employment with Winter Chevrolet before the year ended. The Court has already decided that David Churchill is entitled to his 2003 bonus only if his resignation was not voluntary.

In response to the Vacation Pay Claim, Winter Chevrolet contends that it paid in full the vacation pay to which David Churchill was entitled.

Winter Chevrolet denies that it failed to pay the bonus and vacation time. It also contends that if there was a failure to pay, it was not willful but rather, was based on a good faith dispute about whether the unpaid bonus or vacation pay was owed to David Churchill.

Finally, Winter Chevrolet asserts two counterclaims against David Churchill. First, Winter Chevrolet contends that David Churchill breached his employment contract when he secretly attempted to purchase the Pittsburgh Ford car dealership, and that Winter Chevrolet was harmed by that breach. Second, Winter Chevrolet asserts that David Churchill's involvement in the attempt to purchase Pittsburgh Ford was a breach of his duty of loyalty to Winter Chevrolet. David Churchill

asserts that his participation in the unsuccessful offer to purchase Pittsburgh Ford was not a breach of the employment contract or his duty of loyalty.

**JURY INSTRUCTION NO. 18**

**CLAIM ONE – BREACH OF CONTRACT BY WINTER CHEVROLET**

To recover damages from Winter Chevrolet for breach of contract, David Churchill must prove by a preponderance of the evidence all of the following:

1.  That David Churchill and Winter Chevrolet entered into a contract;
2.  That David Churchill did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things;
3.  That all conditions required for Winter Chevrolet's performance had occurred;
4.  That Winter Chevrolet failed to do something that the contract required it to do; and
5.  That David Churchill was harmed by that failure.

The parties have stipulated that David Churchill and Winter Chevrolet entered into a contract and therefore, the first requirement is met.

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 19**

2

**SUBSTANTIAL PERFORMANCE BY DAVID CHURCHILL**

3

  Winter Chevrolet contends that David Churchill did not perform all of the things it was
required to do under the agreement between the parties.  To overcome this contention, David
Churchill must prove both of the following:

4

5

  1. That David Churchill made a good faith effort to comply with the agreement; and
  2. That Winter Chevrolet received essentially what that agreement called for because
    David Churchill's failures, if any, were so trivial or unimportant that they could have
    been easily fixed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20**

**CONTRACT MODIFICATION**

Winter Chevrolet claims that the original contract was modified, or changed.  Winter Chevrolet must prove that the parties agreed to the modification.  David Churchill agrees that the contract was modified in part but not in its entirety.

The parties to a contract may agree to modify its terms.  You must decide whether a reasonable person would conclude from the words and conduct of Winter Chevrolet and David Churchill that they agreed to modify the contract.  You cannot consider the parties' hidden intentions.

A contract in writing may be modified by a contract in writing.

A contract in writing may be modified by an oral agreement to the extent the oral agreement is carried out by the parties.

A contract in writing may be modified by an oral agreement if the parties agree to give each other something of value.

An oral contract may be modified by consent of the parties, in writing, without an agreement to give each other something of value.

**JURY INSTRUCTION NO. 21**

**CONTRACT INTERPRETATION – MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  22**

**MEANING OF "APPRAISED VALUE"**

    The phrase "appraised value" is used in documents that have been received in evidence.  The Court has determined that the words "appraised value," as used in these documents, means: "the value of stock at the time that the stock is actually purchased."

**JURY INSTRUCTION NO. 23**

**CONTRACT INTERPRETATION – MEANING OF TECHNICAL WORDS**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**JURY INSTRUCTION NO. 24**

**CONSTRUCTION OF CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 25**

**CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 26**

**DUTY OF PARTIES TO A CONTRACT**

Each party to a contract has a duty to do everything that the contract presupposes that he will do to accomplish the contract's purpose.

**JURY INSTRUCTION NO.  27**

**AFFIRMATIVE DEFENSE – HINDRANCE OF PERFORMANCE**

If one party to a contract hinders, prevents or makes impossible performance by the other party, the latter's failure to perform will be excused.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 28**

**AFFIRMATIVE DEFENSE:**

**SUBSTANTIAL PERFORMANCE BY WINTER CHEVROLET**

Winter Chevrolet also contends, as an affirmative defense to David Churchill's breach of contract claim, that it is not liable for breach of contract because it substantially performed under the agreement.  To prove this affirmative defense, Winter Chevrolet must prove, by a preponderance of the evidence that:

1.   Winter Chevrolet made a good faith effort to comply with the 2000 agreement; and
2.   David Churchill received essentially what that agreement called for because Winter Chevrolet's failures, if any, were so trivial or unimportant that they could have been easily fixed.

**JURY INSTRUCTION NO. 29**

**ANTICIPATORY BREACH**

A party can breach, or break, a contract before performance is required by clearly and positively indicating, by words or conduct, that he or she will not or can not meet the requirements of the contract.

If David Churchill proves that he would have been able to fulfill the terms of the contract and that Winter Chevrolet clearly and positively indicated, by words or conduct, that it would not or could not meet the contract requirements, then Winter Chevrolet breached the contract.

**JURY INSTRUCTION NO. 30**

**DAMAGES – BREACH OF CONTRACT BY WINTER CHEVROLET**

If you decide that David Churchill has proved his claim against Winter Chevrolet for breach of contract, you also must decide how much money will reasonably compensate David Churchill for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put David Churchill in as good a position as he would have been if Winter Chevrolet had performed as promised.

To recover damages for any harm David Churchill must prove by a preponderance of the evidence:

    1.   That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

    2.   That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach. David Churchill also must prove the amount of his damages according to the following instructions. He does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**JURY INSTRUCTION NO.  31**

**CLAIM TWO – BONUS CLAIM**

    David Churchill claims that Winter Chevrolet owes him a bonus that he earned and for which he was not paid upon termination of his employment. The Court has determined that David Churchill was entitled to his 2003 annual bonus only if his separation from Winter Chevrolet was involuntary.

**JURY INSTRUCTION NO.  32**

**CLAIM THREE – VACATION PAY CLAIM**

David Churchill claims that Winter Chevrolet owes him for earned and unused vacation.  To establish this claim, David Churchill must prove all of the following by a preponderance of the evidence:

    1.    That David Churchill performed work for Winter Chevrolet;

    2.    That David Churchill was entitled to vacation time that he had earned and not used as of the date his employment ended;

    3.    That David Churchill did not receive sufficient pay to compensate him for any earned and unused vacation; and

    4.    The amount of earned and unpaid vacation.

The parties have stipulated that David Churchill performed work for Winter Chevrolet.  In determining David Churchill's eligibility for vacation pay or time served you may consider the contract between David Churchill and Winter Chevrolet as well as the policy of Winter Chevrolet regarding vacation pay.

**JURY INSTRUCTION NO.  33**

**VACATION PAY CLAIM – DAMAGES**

If you find in favor of David Churchill on his Vacation Pay Claim, you should award in damages the amount of earned and unpaid vacation pay to which he was entitled.

**JURY INSTRUCTION NO.  34**

**WILLFULNESS**

If you have found in David Churchill's favor on either the Bonus or Vacation Pay Claims, you must determine whether Winter Chevrolet's failure to pay the bonus or vacation pay to which you found David Churchill was entitled was willful.

The term "willful" means that the employer intentionally failed or refused to pay the wages. A failure to pay wages was not willful if there was a good faith dispute that the wages were due. A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  35**

**COUNTERCLAIM ONE:**

**BREACH OF CONTRACT BY DAVID CHURCHILL**

To recover damages from David Churchill for breach of contract, Winter Chevrolet must prove all of the following by a preponderance of the evidence:

1. That Winter Chevrolet and David Churchill entered into a contract;
2. That Winter Chevrolet did all, or substantially all of the significant things that the contract required it to do or that it was excused from having to do those things;
3. That all conditions required for David Churchill's performance had occurred;
4. That David Churchill failed to do something that the contract required it to do; and
5. That Winter Chevrolet was harmed by that failure.

The parties stipulate that Winter Chevrolet and David Churchill entered into a contract.

**JURY INSTRUCTION NO.  36**

**COUNTERCLAIM ONE: DAMAGES**

If you decide that Winter Chevrolet has proved his claim against David Churchill for breach of contract, you also must decide how much money will reasonably compensate Winter Chevrolet for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put Winter Chevrolet in as good a position as he would have been if David Churchill had performed as promised.

To recover damages for any harm Winter Chevrolet must prove:

1.    That the harm was likely to arise in the ordinary course of events from the breach of the contract; or
2.    That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.  Winter Chevrolet also must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  37**

**COUNTERCLAIM  TWO**

**BREACH OF DUTY OF LOYALTY BY DAVID CHURCHILL**

An agent differs from an employee in three basic ways:  (1) an agent can act not only for, but also in the place of, the principal, while an employee can only act for the employer; (2) an employee is subject to the absolute control and direction of the employer in regard to any act, labor, or work to be done in the course and scope of his employment, while an agent is allowed a degree of discretion in effecting the purpose of the principal; and (3) the service performed by a principal is generally considered superior in scope to that performed by an employee.

The relationship between a principal and an agent binds the agent to the utmost good faith in his dealings with the principal.  This standard of utmost good faith creates a duty of loyalty that the agent owes to the principal.  An agent's duty of loyalty is defined as a duty to act solely for the benefit of the principal in all matters connected with his agency.  Winter Chevrolet claims that David Churchill violated his duty of loyalty by seeking to purchase, for himself, Pittsburg Ford, a dealership that Winter Chevrolet was negotiating to acquire, while still employed by Defendants.

To establish a claim for breach of the duty of loyalty, Winter Chevrolet must prove:

1.      That David Churchill was an agent of Winter Chevrolet and thus owed Winter Churchill a duty of loyalty;

2.      That David Churchill breached his duty of loyalty; and

3.      That Winter Chevrolet suffered damages that were proximately caused by David Churchill's breach.

**JURY INSTRUCTION NO.  38**

**COUNTERCLAIM TWO: DAMAGES**

If you decide that Winter Chevrolet has proved his claim against David Churchill for breach of the duty of loyalty, you also must decide how much money will reasonably compensate Winter Chevrolet for the harm caused by the breach.  This compensation is called "damages."

The measure of damages you should award is the amount which will compensate Winter Chevrolet for all the detriment proximately caused by the breach, whether it could have been anticipated or not.